```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TREVIS FUNCHES,

                Petitioner,                MEMORANDUM AND ORDER

        - against -                        05 Civ. 2839 (NRB)

 JAMES WALSH, Superintendent,
 Sullivan Correctional Facility,

                Respondent.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Petitioner Trevis Funches ("petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 15, 2005, challenging his state court conviction on two counts each of first and second degree robbery and two counts of unlawful possession of a weapon. See Pet., ECF No. 1. The Court denied his petition in a Memorandum and Order dated April 21, 2006. See Funches v. Walsh, No. 05 Civ. 2839 (NRB), 2006 WL 1063287, at *1 (S.D.N.Y. Apr. 21, 2006) ("Memorandum and Order"), aff'd, 264 F. App'x 45 (2d Cir. 2008). On May 25, 2016, petitioner unsuccessfully sought leave from the Second Circuit to file a successive habeas petition, arguing that (1) the authorities in New York never filed a felony complaint against him for unlawful possession of a weapon and (2) his robbery conviction was insufficiently supported by

identification evidence.[1] See Pet. for a Writ of Habeas Corpus, Funches v. Walsh, No. 16-1682 (2d Cir. May 25, 2016), ECF No. 1-1.

Petitioner now moves this Court to vacate the Memorandum and Order of April 21, 2006 pursuant to Rule 60(b)[2] of the Federal Rules of Civil Procedure on largely the same grounds. Specifically, petitioner claims that the state's failure to file a felony complaint for unlawful possession of a weapon (1) constitutes newly discovered evidence; (2) proves he was actually innocent of the crimes charged; (3) destroys the state trial court's subject-matter jurisdiction over his case; (4) renders incorrect the decision of the state trial court to admit the weapon at issue into evidence; (5) supports a finding of a Brady violation; and (6) operated as a fraud upon this Court and the state trial court, and further that (7) his robbery conviction was insufficiently supported by identification evidence, and (8) his trial counsel was ineffective. See Notice

---

[1] The Second Circuit denied petitioner's request "because [he did] not rely upon newly discovered evidence within the meaning of [28 U.S.C. § 2244(b)(2)] or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court." See Mandate of USCA, July 27, 2016, ECF No. 22.

[2] Although petitioner also styles his motion as made pursuant to Rule 60(a) in the caption of his supporting affidavit, he otherwise refers to his motion as a "Rule 60(b) motion" and does not make substantive arguments addressing the elements of Rule 60(a), which permits a court to correct clerical errors in order to "implement the result intended by the [Court] at the time the order entered." Rezzonico v. H & R Block, Inc., 182 F.3d 144, 151 (2d Cir. 1999); see also Fed. R. Civ. P. 60(a). Accordingly, the Court treats petitioner's motion as made pursuant to Rule 60(b).

2

of Mot., July 5, 2018, ECF No. 24; Aff. in Supp. of Mot., July 5, 2018, ECF No. 24-1.

"A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); see also Rowe Entm't v. William Morris Agency Inc., No. 98 Civ. 8272 (RPP), 2012 WL 5464611, at *2 (S.D.N.Y. Nov. 8, 2012) ("In this Circuit, a reasonable time is within eighteen months of the entry of judgment, unless the movant shows good cause for the delay or mitigating circumstances." (internal citations omitted)). Petitioner filed the pending Rule 60(b) motion over twelve years after the Court entered the judgment he now seeks to vacate and over two years after petitioner was denied leave to file a successive habeas petition on virtually identical grounds as those presented here. Given that petitioner has not set forth good cause for this substantial delay or sufficient mitigating circumstances, his motion is denied as untimely.

Even if petitioner had timely filed his Rule 60(b) motion, "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004); see also Gonzalez v. Crosby, 545 U.S. 524, 532

3

(2005); Rodriguez v. Mitchell, 252 F.3d 191, 198-99 (2d Cir. 2001). The only argument from petitioner that could conceivably be construed as attacking the integrity of the habeas proceeding is that the state's failure to disclose the absence of a felony complaint operated as a fraud upon this Court under Rule 60(b)(3).[3] See Pet'r's Letter, July 10, 2018, ECF No. 23. But petitioner's "conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." James v. United States, 603 F. Supp. 2d 472, 487 (E.D.N.Y. 2009). Nor does petitioner provide any explanation of how alleged defects in state charging documents were relevant to the prior habeas proceeding given the curative effects of his subsequent indictment and conviction. See People v. Smith, 757 N.Y.S.2d 491, 491 (2d Dep't 2003) ("[E]ven if the felony complaint was defective, it was superseded by a valid indictment, rendering any claim regarding a purported defect in the felony complaint academic."); Campbell v. Lee, No. 11 Civ. 4438 (PKC/AJP), 2013 WL 5878685, at *17 (S.D.N.Y. Oct. 11, 2013) ("For federal constitutional purposes, a jury conviction

---

[3]  To the extent that petitioner argues that this Court did not consider his actual innocence claim in its adjudication of his petition, it is not a viable attack on the habeas proceeding as petitioner explicitly abandoned his actual innocence claim after being informed by the Court it did not meet the exhaustion requirements of the habeas statute. See Endorsed Mem., Aug. 24, 2005, ECF No. 7; Memorandum and Order at 11 n.10.

4

transforms any defect connected with the grand jury's charging decision into harmless error because the trial conviction establishes probable cause to indict and also proof of guilt beyond a reasonable doubt.").

All other grounds presented by petitioner clearly and impermissibly attack the validity of his underlying conviction. Such claims are properly treated as part of a successive habeas petition, see Graves v. Phillips, 531 F. App'x 27, 29 (2d Cir. 2013), which the Second Circuit has not only not authorized this Court to consider, but explicitly precluded petitioner from filing. Given the Second Circuit's prior consideration of the primary claims raised here, we decline to transfer the case for possible certification and instead deny the motion outright as both untimely and beyond the scope of Rule 60. See Harris, 367 F.3d at 82.

**SO ORDERED.**

Dated:   New York, New York
         March 26, 2019

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE